John F. **ENGLISH** et al., Appellants,

v.

Edward **McFARLAND** et al., Appellees.

**No. 16004.**

United States Court of Appeals
District of Columbia Circuit.

Oct. 28, 1960.

Petition for Rehearing en Banc Denied
Dec. 7, 1960.

Wilbur K. Miller, Chief Judge, dissented.

Mr. David Previant, Milwaukee, Wis., with whom Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D. C., were on the pleadings, for appellants.

Mr. Godfrey P. Schmidt, New York City, was on the pleadings for appellees.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

FAHY, *Circuit Judge.*

The Consent Decree [1] provides the manner in which vacancies on the Board of

---

1. See Appendix A to opinion of this court in English v. Cunningham, 106 U.S.App.D.C. 70, 269 F.2d 517, certiorari denied 361 U.S. 897, 905, 80 S.Ct. 195, 4 L.Ed. 2d 152, 181.

Monitors shall be filled. It recites that one of the Monitors was nominated by the plaintiffs and one by the defendants, and that the chairman, Judge Nathan Cayton, was "nominated jointly by the plaintiffs and defendants." It provides:

"In the event of the inability or unwillingness to serve, or other disability on the part of any Monitor, he shall be relieved of his duties and discharged of the obligations hereunder, and a successor Monitor shall be appointed in his place by the Court upon nomination by the party or parties, as the case may be, who nominated the Monitor to whose office the successor Monitor shall be appointed." [2]

When Martin F. O'Donoghue, Esquire, succeeded Judge Cayton as chairman of the Board of Monitors he had not been jointly nominated, but the appointment when made by the court was not challenged by any of the parties. In argument of the present case, in this court as in the District Court, counsel for plaintiffs and defendants stated in open court that in the cases of both Judge Cayton and Mr. O'Donoghue, because the parties had failed to agree upon a joint nominee they agreed that the District Court should make a selection from lists which they submitted. Counsel in the present case agree, also, that no such stipulation has been made regarding a successor to Mr. O'Donoghue. The Consent Decree must therefore govern.

■ By declaring that the original chairman was "nominated jointly by the plaintiffs and defendants," and providing that a successor Monitor shall be appointed on nomination by the parties who nominated his predecessor, the Consent Decree clearly provides that the chairman of the Board of Monitors be jointly nominated by the plaintiffs and defendants. Mr. Terence F. McShane has not been so nominated, and the parties have not agreed to waive the requirement that he be so nominated. On the contrary, the defendants have consistently and vigor-

ously opposed his nomination. The provisions of the District Court's order of September 26, 1960, upon which the appointment of Mr. McShane rests, are therefore inconsistent with the Consent Decree.

■■ We note the contention that because the parties had not agreed upon a joint nomination, the District Court was empowered to make an appointment in disregard of the provisions of the Consent Decree. But in our opinion the inherent power of a court of equity does not extend to the appointment, in disregard of the Consent Decree, of a chairman to whom some of the parties object on reasonable grounds. Arbitrary or unreasonable objections need not be recognized. But without in any way questioning the integrity or the ability of Mr. McShane, we think his prior activities in connection with this case and with the parties to it are a reasonable basis for defendants' objections to his appointment. It should be possible to obtain as chairman someone of the necessary caliber who is free of such objections.

■ Subsequent to the stay which we entered October 5, 1960, this court through the office of its Clerk inquired of Mr. McShane as to whether he wished to file any papers or pleadings with respect to the subject matter of the cause and upon being advised that he did wish to do so the court withheld its decision pending receipt of such papers or pleadings as Mr. McShane desired to file. He has now filed an affidavit respecting his qualifications and other matters he wished to have us consider, including the failure of appellants to include him as a necessary and indispensable party. Since the appeal is from the order of September 26, 1960, upon which the appointment itself rests, and is not in a removal proceeding, the procedure with respect to parties is like that applicable to the appointment of a special master, which would not require the appointee to be a party to a contest over the validity of the appointment.

2. Appendix A, 106 U.S.App.D.C. at page 86, 269 F.2d at page 533.

The provisions of the order of the District Court of September 26, 1960, respecting the appointment of Terence F. McShane as chairman of the Board of Monitors must be set aside.

Reversed and Remanded.

WILBUR K. MILLER, Chief Judge (dissenting).

The Consent Decree apparently contemplates that, in case the chairmanship of the Board of Monitors becomes vacant, a successor chairman shall be jointly nominated by the plaintiffs and the defendants. But it does not provide, nor in my opinion does it contemplate, that the parties shall select, elect or appoint a successor. The power actually to appoint is committed to the District Court. I think, therefore, that the power to nominate should not be equated with the power to appoint.

Perhaps the District Court should appoint a joint nominee if he is in all respects qualified to act as chairman. But the failure of the parties to agree upon a nominee, after a reasonable opportunity to do so, should not prevent the making of an appointment. If that were so, then either side could prevent the Board of Monitors from functioning, and so could frustrate one of the essential features of the Consent Decree, by the simple expedient of failing or refusing to agree upon a joint nominee. I think, therefore, that when, as here, the parties have failed, after reasonable opportunity, to make a joint nomination, the District Judge had not only the right but the duty to appoint a successor chairman.

When the District Judge has acted on his own initiative because a joint nominee was not submitted to him, I do not believe either side should be permitted to veto the court's appointment, merely because the appointee is unsatisfactory to it; and certainly this court should not set aside the appointment on that ground. I suggest that is exactly what has happened here. For the majority say, "* * * [I]n our opinion the inherent power of a court of equity does not extend to the appointment * * * of a chairman to whom some of the parties object on reasonable grounds." A mere objection to the appointee "on reasonable grounds" is not enough, in my opinion, to justify this court in setting aside the District Court's appointment. We should take that action only when it clearly appears that the appointee is not qualified to act as chairman.

So, I think the question here is not whether McShane's "prior activities in connection with this case and with the parties to it are a *reasonable* basis for defendants' objections to his appointment."[1] It is, rather, whether McShane's "prior activities" caused him to be disqualified or unfit to act as chairman.

What were McShane's "prior activities in connection with this case and with the parties to it"? At plaintiffs' nomination, he was appointed to the Board of Monitors and served from April 1, 1960, to May 12, 1960, when his service ceased because this court held the previous incumbent had been improperly removed and that there was no vacancy to which McShane could have been appointed. There is no allegation or finding that during his short term as a monitor McShane was guilty of any conduct which now disqualifies him to be chairman. Thus the reasoning must be that, solely because he was once nominated by the plaintiffs, he is disqualified to act as chairman when appointed by the court after no joint nomination was forthcoming. The fact that former Chairman O'Donoghue was nominated by one side only did not prevent his appointment as chairman and did not cause his appointment to be challenged.

The other prior activity of McShane said to disqualify him as chairman is that while employed by the Federal Bureau of Investigation he took part in an investigation of alleged wiretapping by Hoffa, the Teamsters president, and testified with respect thereto. The statement attributed to McShane indicating hostility

[1]. Emphasis supplied.

to Hoffa is revealed by its context as innocuous. In my opinion there is nothing in the record to indicate McShane is not qualified to serve as chairman of the Board of Monitors. I dissent, therefore, from the action of the majority in removing him.

On Petition for Rehearing en Banc

Rehearing denied.

WILBUR K. MILLER, Chief Judge, and BASTIAN and BURGER, Circuit Judges, are of the view that the petition for rehearing en banc should have been granted.